UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TABITHA WILLIAMS, a person,<br><br>               Plaintiff,<br>    v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, an insurance company,<br><br>               Defendant. | Case No. C17-1113RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Tabitha Williams' Motion for Partial Summary Judgment. Dkt. #9. Defendant Foremost Insurance Company Grand Rapids Michigan ("Foremost") opposes this Motion. The Court has determined that oral argument is unnecessary. For the reasons below, the Court GRANTS Plaintiff's Motion.

## II.    BACKGROUND

On March 3, 2017, Ms. Williams purchased a house located at 18820 AP Tubbs Road E. in Carbonado, Washington. Dkt. #9 at 9; Dkt. #13-2 at 2. Around the same time, Ms. Williams purchased a homeowner's insurance policy from Farmers Insurance to cover this house. Dkt. #9 at 9. Prior to purchase, Ms. Williams knew that the house was "occupied,"

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

although the former owner had passed away, but "did not know if the occupants were squatters illegally occupying the house or if they were actual tenants." *Id*. at 9–10. Ms. Williams subsequently visited the house and learned that the occupants were not paying rent. *Id*. at 10. Ms. Williams hired an attorney to send a letter to the occupants asking for documentation showing they had a written rental agreement or had paid rent. The occupants did not provide any such evidence, so Ms. Williams commenced eviction proceedings in Pierce County Superior Court. *Id*.; Dkt. #13-2. In the eviction proceedings, the occupants stated via declaration that they "are legal tenants," while at the same time referring to being tenants of the prior owner. Dkt. #13-3 at 4. The occupants presented no evidence that they had a rental agreement with Ms. Williams.

The occupants were ordered to leave by May 2, 2017 after filing a stipulation. Dkt. #9 at 10; Dkt. #13-5. On May 3, 2017, Ms. Williams inspected the house and found that "someone had left the upstairs bath faucet running and clogged the drain, which caused water to flood the entire house." Dkt. #9 at 10. Someone had also damaged the HVAC system "by dumping cat litter and sawdust into the vents." *Id*. None of this damage was noticeable in Ms. Williams' prior visit to the house. Ms. Williams notified Farmers Insurance that day, making a claim of vandalism. *Id*. At no time did the occupants pay rent or enter into a rental agreement with Ms. Williams. *Id*.

Defendant Foremost Insurance Company, on behalf of Farmers Insurance, handled the claim. On May 17, 2017, Foremost informed Ms. Williams via letter that "there is no coverage for your claim based on the facts known to us at the present time as tenant who vandalism [sic] a home is specifically excluded by your policy." *Id*. at 15. Foremost then stated "[i]f you have any other evidence that clearly shows these tenant [sic] where [sic] only living in the home a

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

short peroid [sic] of time and knew they had no legal right to live in the home then please send that information in so it can be reviewed." *Id*.

Ms. Williams' insurance policy covers "[v]andalism or malicious mischief, meaning the intentional and willful damage or destruction of property by anyone other than the owner of the property," but explicitly excludes "[a]ny loss caused by, resulting from, contributed to or aggravated by intentional acts of any tenant or any roomers and boarders of your premises…" Dkt. #13-2 at 14.

### III. DISCUSSION

#### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof"

to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Analysis**

Ms. Williams brings this Motion for the Court to rule as a matter of law that she was covered for the vandalism damage above and that Foremost breached the insurance contract when it denied coverage. Dkt. #9 at 1. Ms. Williams argues that she has clearly met her burden of establishing that vandalism, a covered loss, occurred. *Id*. at 6. She argues that Foremost is unable to meet its burden of establishing that an exclusion applies because "there is no evidence that the people who vandalized the house were 'tenants' at the time of the loss." *Id*. Therefore coverage exists as a matter of law.

In Response, Foremost acknowledges that it is "undisputed that this claim involves alleged vandalism," but argues that there is a genuine issue of material fact whether the individuals that Plaintiff claims caused the damage were "tenants, roomers or boarders as opposed to third parties who were unlawfully on the premises." Dkt. #11 at 2. Foremost argues that "[a]t all material times, they were legally living in the home as tenants," because "they had a tenancy agreement with the former owner and under clear Washington law, they were allowed the legal occupation of the home after the transfer of ownership." *Id*. Foremost cites to a Washington State statute defining "tenant" as "any person who is entitled to occupy a dwelling unit primarily for living or dwelling purposes under a rental agreement." *Id*. at 11 (citing RCW 59.18.030(27)). Foremost argues that Washington law does not require that occupants have a written or documented rental agreement in order to be considered tenants. *Id*.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

at 12. Foremost argues that the occupants who refused to leave were legally entitled to not less than 60 days to vacate the premises. *Id*. at 12–13 (citing RCW 61.24.060). Foremost argues that these occupants were thus "continuing their prior tenancy" during the 60 day period where Ms. Williams alleges the vandalism occurred. *Id*. at 13. Even if they were not legally tenants, Foremost argues that these occupants, through their negotiations with Ms. Williams allowing them to stay at the property until the end of May 2, 2017, were tenants, roomers or boarders. *Id*. at 13–14. Foremost also argues that Ms. Williams has failed to discuss the necessary elements for the Court to find in her favor on a breach of contract claim, including a discussion of damages. *Id*. at 15–16.

On Reply, Ms. Williams argues that her Motion should be granted even if all of the facts cited by Foremost are true. Specifically, Ms. Williams argues:

> Even if the squatters were arguably "tenants" of the prior owner, they were only tenants before the foreclosure and sale of the house. They were not Plaintiff's tenants at the time of the vandalism – which occurred after Plaintiff's purchase of the house. The timing of the vandalism is relevant and dispositive. It is Plaintiff's position that the insurance contract intended "tenant" to mean a tenant of the homeowner/insured at the time of the vandalism.
>
> Almost everyone has been a tenant at some point in their life. It would be nonsensical if the policy term "tenant" was intended to mean anyone who has ever been a tenant at any property. To the extent that the word "tenant" was ambiguous concerning whether it included the prior tenants of prior owners of the house, that ambiguity must be construed in favor of Williams. *Panorama*, 144 Wn.2d at 137. It is undisputed that the squatters never had a tenant-landlord relationship with Williams.

Dkt. #15 at 4. Looking at the policy, Ms. Williams argues that "[t]he average person purchasing insurance would not interpret 'tenant' to include people impermissibly occupying a house after it has been foreclosed upon and sold" because '[t]enant' implies consent and

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

permission by the owner, along with the payment of rent." *Id*. at 3. Ms. Williams also argues that Foremost has never explicitly taken the position that the damage was caused by "roomers" or "boarders," and to the extent that Foremost takes such a position, the terms are ambiguous and any ambiguities must be construed in favor of the insured. *Id*. at 2 n.2. Ms. Williams reminds the Court that because the tenant provision is an exclusion under the policy, it is Foremost's burden to prove the vandalism was caused by a tenant. *Id*. at 4 (citing *Brown v. Snohomish County Physicians Corp.*, 845 P.2d 334, 340, 120 Wn.2d 747, 758–59 (1993)). Ms. Williams highlights the fact that Foremost's May 17, 2017, letter denying coverage conceded that the occupants "might not have a legal right to live at the home". *Id.* at 5 (citing Dkt. #9 at 15). Ms. Williams makes the observation that Foremost has failed to actually show that the occupants caused the vandalism, as opposed to some third party. *Id*. at 6. Finally, Ms. Williams argues that her Motion effectively shows why a part of her breach of contract claim should be granted on summary judgment (finding coverage and breach but not an amount of damages). *Id.* at 7–8.

Under Washington law, interpretation of an insurance contract is a question of law. *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 424, 38 P.3d 322 (2002). Determining whether coverage exists is a two-step process. The insured must first show the loss falls within the scope of the policy's insured losses. *McDonald v. State Farm Fire & Casualty Co.*, 119 Wn.2d 724, 731 837 P.2d 1000, 1003-1004 (1992). To avoid coverage, the insurer must then show the loss is excluded by specific policy language. *Id*. When interpreting an insurance policy, "ambiguities are resolved in favor of the policyholder." *Eurick v. Pemco Ins. Co.*, 108 Wn.2d 338, 340, 738 P.2d 251, 252 (1987) (citing *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986)). In addition, "exclusionary clauses are to be

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

construed strictly against the insurer." *Id.* (citing *Farmers Ins. Co. v. Clure*, 41 Wn. App. 212, 215, 702 P.2d 1247 (1985)). "The terms of a policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Overton*, 145 Wn.2d at 424.

The parties have apparently agreed on several key details, including that the vandalism occurred while Ms. Williams was covered under the insurance policy. The only real issue before the Court is whether Ms. Williams has met her burden on summary judgment to establish that Foremost cannot meet its burden of showing that the tenant exclusion applies. The Court is persuaded by Ms. Williams' argument that the average person would interpret the policy's use of "tenant" to refer to a tenant of the insured rather than a tenant of a prior owner. Any ambiguity in this term is resolved in favor of Ms. Williams, and because it is contained in an exclusionary clause, it will be construed strictly against Foremost as the insurer. *Eurick*, *supra*. Foremost's response of citing to RCW 59.18.030(27) is not helpful, because there is no evidence that the occupants of Ms. Williams' house were "entitled" to occupy the premises under a rental agreement at the time the vandalism occurred, as opposed to having a legal right not to be immediately evicted. As Ms. Williams' succinctly notes, "[b]eing a defendant in an eviction proceeding does not automatically make a person a "tenant." Dkt. #15 at 5. Foremost's evidence does not create a question of material fact as to this issue. Although the occupants believed they were legal tenants at the time of the eviction, a complete reading of their declaration submitted Pierce County Superior Court makes clear that they claimed a tenant relationship with the prior owner only. Ms. Williams' subsequent efforts to enter into a rental agreement with the occupants failed, so they never became her tenants. The stipulation allowing the occupants until the end of the day on May 2, 2017, to vacate was perhaps an

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

"agreement" but not a "rental agreement." For all of these reasons, Foremost has failed to make a sufficient showing on this essential element for which it has the burden of proof, and thus summary judgment is properly granted. *See Celotex*, *supra*. Accordingly, the Court finds that Ms. Williams was covered for the vandalism that occurred, and that Foremost breached the insurance contract by failing to pay. There is no legitimate dispute that this failure damaged Ms. Williams by depriving her of the insurance payment needed to repair the vandalism damage. The amount of damages remains an issue for another day.

Finally, the Court notes that Foremost has stated, via footnote, that it "reserves the right to file a separate Motion for Summary Judgment seeking an affirmative ruling that Plaintiff is not entitled to coverage as a matter of law after further discovery." Dkt. #11 at 2 n.1. This statement is insufficient to satisfy Rule 56(d).

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Williams' Motion for Partial Summary Judgment (Dkt. #9) is GRANTED. The Court rules as a matter of law that Foremost breached the insurance contract by denying coverage. The amount of damages based on this claim remains an issue to be decided.

DATED this 3 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE