UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TABITHA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, AN INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:17-CV-1113-RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Defendant Foremost Insurance Company Grand Rapids Michigan ("Foremost")'s Motion for Summary Judgment Regarding Plaintiff's Extra-Contractual Claims. Dkt. #21. Plaintiff Tabitha Williams opposes this Motion. Dkt. #27. For the reasons below, the Court DENIES Defendant's Motion.

## II. BACKGROUND

On June 19, 2017, Plaintiff filed a First Amended Complaint against Defendant Foremost in King County Superior Court, alleging breach of contract, bad faith, violation of the Washington Consumer Protection Act ("CPA"), and violation of the Insurance Fair Conduct Act ("IFCA"). Dkt. #1-3. On July 21, 2017, Defendant removed that case to this Court. Dkt. #1. On August 8,

ORDER DENYING DEFENDANTS MOTION FOR SUMMARY JUDGMENT - 1

2017, Plaintiff filed a Motion for Partial Summary Judgment regarding insurance coverage, Dkt. #9.

On October, 3, 2017, this Court granted Plaintiff's Motion, finding that "Ms. Williams was covered for the vandalism that occurred, and that Foremost breached the insurance contract by failing to pay." Dkt. #18 at 8. Subsequently, Defendant Foremost paid Plaintiff $187,001.43 in insurance benefits, which included $9,787.89 in interest accrued. *See* Dkt. #21.

Defendant Foremost now brings the instant motion seeking Summary Judgment against Plaintiff's remaining claims of bad faith, violation of the CPA, and violation of IFCA.

### III. DISCUSSION

**A. Standard of Review for Summary Judgment**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251. To meet this burden, the non-moving party must come forward with specific, admissible facts. Fed. R. Civ. P. 56(c).

## B. Plaintiff's Motion for Summary Judgment

### *Issue One: Alleged Bad Faith*

Foremost first moves this Court for Summary Judgment on Plaintiff's claim of bad faith because Plaintiff cannot establish that its denial of coverage was unreasonable, frivolous, or unfounded. Dkt. #21 at 12. In her First Amended Complaint, Plaintiff alleges Foremost "treated Williams unfairly, Foremost placed its interests above Williams' interests, and Foremost'[s] acts, omissions, including, but not limited to, its violations of the Washington Administrative Code, constituted insurance bad faith." Dkt. #1-3 at ¶ 5.1. In her Response, Plaintiff specifically alleges that Foremost unreasonably denied her coverage because none of the documents Foremost used to make its decision showed the occupants were her tenants at the time of the vandalism. Dkt. #27 at 4.

The documents Foremost allegedly used to make its decision were 1) a declaration from the occupants, stating they were tenants of the prior owner, 2) a letter sent from Plaintiff's attorney to occupants offering a lease agreement if they paid rent, and 3) a signed stipulation between Plaintiff and occupants that required the occupants to vacate the property. *Id.* at 3-4. Plaintiff further points to Foremost's denial letter, dated May 17, 2017, which states, "my investigation found water damage from vandalism from *former tenants* of your property." *Id.* at 4 (emphasis in original) (citing Dkt. #27-2 at 33). Lastly, Plaintiff claims that Foremost modified her policy on April 11, 2017, to exclude tenants after it was informed that the occupants were not tenants and

were being evicted. Dkt. #27 at 5. Plaintiff finally contends that "Foremost's investigation was so superficial and incomplete that [Foremost] was unaware that the original policy covered vandalism by tenants." *Id*. at 14.

Foremost argues that its "coverage position was based on a reasonable interpretation of the policy and justifiable based on the information available . . . at the time." Dkt. #21 at 17. According to Foremost, it reasonably denied coverage based on a site inspection with the insured, sworn testimony from the occupants during an eviction proceeding stating they were tenants, an attempted lease negotiation between Plaintiff's counsel and occupants, a stipulation between Plaintiff and occupants to vacate the property, and a statement from Puget Sound Energy, which confirmed that service to the property was disconnected and reconnected the same day but in a different name on January 24, 2017. Dkt. #21 at 3-6 and Dkt. #28 at 2. Lastly, Foremost contends that Plaintiff does not allege any recoverable damages from its alleged bad faith. Dkt. #21 at 16.

Under RCW 48.01.030, insurers are required to act in good faith in dealing with their insureds. "Whether an insurer acted in bad faith is a question of fact." *St. Paul Fire & Marine Ins.,* 165 Wn.2d at 130. "In order to establish a claims for insurance bad faith, an insured must be found to have acted in an unreasonable, frivolous, or unfounded manner." *Id*. "The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." *Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152, 1161 (9th Cir. 2002). No single factor is indicative of reasonableness. What is determinative is the reasonableness of the insurer's action in light of all the facts and circumstances of the case. *Indus. Indem. Co. of the Nw. v. Kallevig*, 114 Wn.2d 907, 920, 792 P.2d 520, 528 (1990). As long as an insurance company acts with honesty, bases its decision on adequate information, and does not overemphasize its own interests, an insured is not entitled to base a bad faith or CPA claim against its insurer on the basis of a *good* faith mistake.

*Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 280, 961 P.2d 933, 937–38 (1998). Thus, the question before this Court is whether Plaintiff has presented evidence from which a jury could conclude that Foremost unreasonably denied coverage. The Court finds that she has.

First, Foremost defends its coverage determination as reasonable because it "reviewed all documentation provided by the insured regarding occupancy of the property, including a sworn testimony from occupants that they were tenants, the offer of a rental agreement from Plaintiff's attorney, and the agreement between Plaintiff and occupants." Dkt. #28 at 2. For support, Foremost cites to *Trofimovich v. Progressive Direct Ins. Co.,* No. C16-1510-JCC, 2017 WL 3424980, at *2–3 (W.D. Wash. Aug. 8, 2017). Dkt. #28 at 3. In that case, this Court determined that Progressive had a reasonable basis for denying coverage because the denial was based upon its insured's admission that he had a paying customer in his car at the time of accident. *Trofimovich,* 2017 WL 3424980, at *2–3. Mr. Trofimovich drove for Lyft, and his policy excluded damages arising out of the use of his vehicle while "carry[ing] persons or property for compensation or a fee." *Id*. at *1. However, *Trofimovich* is distinguished from the instant matter because Ms. Williams never admitted that the occupants were her tenants. *See* Dkt. #27. Rather, she expressly stated the occupants were not her tenants, they never agreed to pay rent, nor did they enter into a lease agreement with her. *See id.* at 3-4.

Next, Foremost contends that "the evidence shows it was debatable whether or not the occupants of [Plaintiff's] dwelling could be considered tenants, roomers, or boarders under the policy . . . none of those terms are defined under the policy." Dkt. #21 at 14-15. Even so, Foremost denied coverage premised on the assumption that the occupants were tenants. Dkt. #27-2 at 33. In fact, Foremost's denial letter used the express term "former tenants." *See id*. But Plaintiff expressly stated they were not her tenants. Dkt. #27-1 at ¶ 6. Moreover, this Court previously held

that "a complete reading of [occupants'] declaration . . . makes clear that they claimed a tenant relationship with the prior owner only." Dkt. #18 at 7. Because Plaintiff's policy excluded "any loss caused by . . . intentional acts of any tenant or any roomer and boarder" (*see* Dkt. #27-2 at 97) any ambiguity in the terms should have been resolved strictly in her favor. *Eurick*, 108 Wn.2d at 340. Furthermore, during its investigation, Foremost should have uncovered and known about Plaintiff's policy change that excluded coverage for tenants on the policy dated April 11, 2017. As such, the Court finds the record contains sufficient evidence from which a jury could conclude Foremost's denial of coverage was unreasonable based on the information it had available at the time.

Finally, with respect to damages, Foremost argues there is no evidence in the record from which a jury could conclude that Plaintiff suffered damage as a result of any wrongful act or omission on the part of Foremost. Dkt. #21 at 17. Specifically, Foremost contends Plaintiff has been made "more than whole in regard to any damages under the policy itself" because it paid Plaintiff $187,001.43 for estimated repairs, plus interest, "which in fact exceeded what Plaintiff incurred or spent to fix the damage." Dkt. #28 at 5 and Dkt. #21 at 11. Because Plaintiff has not provided her complete financial records, Foremost further argues that is unable to identify any quantifiable damages beyond what it has already paid. Dkt. #21 at 11.

The Court disagrees. Foremost's insurance payment to Ms. Williams is irrelevant to the issue of bad faith before this Court. *Coventry,* 136 Wn.2d at 280 (the duty of good faith is separate from the duty to pay for a claim when required to do so). Washington State law does not appear to provide that retroactive payment for an insurance claim extinguishes all alleged harm to a plaintiff, and Foremost has failed to provide legal authority to the contrary. Nor have the parties stipulated as such. Instead, on November 13, 2017, the parties stipulated to the monetary value of

ORDER DENYING DEFENDANTS MOTION FOR SUMMARY JUDGMENT - 6

Plaintiff's insurance claim for "vandalism damage." Dkt. #19. That stipulation included the following statement:

> Plaintiff Williams does not waive any of her litigation claims and does not waive her right to pursue extra-contractual damages, such as interest on the insurance payment, *Olympic Steamship* fees, general damages, punitive damages, or any of the other damages that may be available pursuant to her claims of bad faith, violation of the Consumer Protection Act, and violation of the Insurance Fair Conduct Act.

*Id*. (emphasis in original). Even so, Foremost contends that "Washington law does not allow an insured to profit from a loss." Dkt. #28 at 10 (citing *Keenan v. Indus. Indem. Ins. Co. of Nw*., 108 Wn.2d 314, 738 P.2d 270 (1987). Regardless, the Court finds that Foremost's payment to Plaintiff was for "vandalism damage" repairs covered under Plaintiff's insurance policy. Dkt. #19. It is irrelevant to this matter whether Plaintiff's damages in connection to Foremost's alleged bad faith exceeded what her policy covered for the vandalism repair. Moreover, this Court previously found that Ms. Williams was damaged by Foremost's deprivation of insurance money needed to repair the vandalism to her home. Dkt. #18 at 8. The record also establishes that Plaintiff likely incurred certain expenses as a result of Foremost's alleged bad faith conduct. For example, she hired an insurance expert to determine whether Foremost acted in bad faith (Dkt. #27-2, Ex. A at 4) she opened multiple construction loans, hired and paid various sub-contractors, and performed some of the work herself. Dkt. #27-1 at ¶ 13.

Lastly, the Court finds that Foremost has not addressed the issue of punitive damages, which Plaintiff pleaded in her First Amended Complaint. *See* Dkt. #1-3 at 5. Reflecting the importance of insurers' good faith obligations, bad faith by an insurer is subject to tort remedies, including punitive damages. *Amadeo,* 290 F.3d at 1161. Determinations related to assessment of punitive damages have traditionally been left to the discretion of the jury. *Id.*

In conclusion, whether Foremost acted with honesty, reasonably interpreted ambiguous

terms in the policy, based its decision on adequate information available at the time, and did not overemphasize its own interests compared to its insured are all questions for the finder of fact. Viewing the facts and circumstances in this case in the light most favorable to the non-moving party, the Court finds the record contains sufficient evidence from which a reasonable jury could conclude that Foremost unreasonably denied Plaintiff's claim. Accordingly, the Court denies Foremost's Motion for Summary Judgment on the claim of bad faith.

### *Issue Two: Alleged Violation of the Insurance Fair Conduct Act*

Next, Defendant moves this Court for Summary Judgment on Plaintiff's claim that it violated IFCA. Dkt. #21 at 17. In that claim, Plaintiff alleges that Foremost's conduct constituted violations of IFCA, and that Williams sent Foremost notice of its IFCA violations more than 23 days prior to filing her Amended Complaint. Dkt. #1-3 at ¶ 7.1-2. In her Response, Plaintiff specifically alleges that "since this Court has already ruled that the occupants were not tenants, the only question is whether Foremost's wrongful denial was reasonable." Dkt. #27 at 11. Plaintiff again argues that Foremost's denial was not reasonable because it did "not have any evidence that the people living in her home were tenants at the time of vandalism." *Id*. Foremost contends that, under IFCA, Plaintiff failed to establish that it unreasonably denied her insurance coverage or unreasonably withheld benefits, Dkt. #21 at 19, and Plaintiff failed to establish "actual damages" sustained as a result of Foremost's unreasonable denial of her coverage. *Id*.

IFCA provides a cause of action to a first party claimant who is unreasonably denied a claim for coverage, allowing the claimant to recover "actual damages sustained." RCW 48.30.015(1); *see Perez-Crisantos v. State Farm Fire & Cas. Co.,* 187 Wn.2d 669, 680, 389 P.3d 476, 481 (2017) (citing RCW 48.30.015(1)). "The insured must show that the insurer unreasonably denied a claim for coverage *or* that the insurer unreasonably denied payment of

benefits. If either or both acts are established, a claim exists under IFCA." *Perez,* 187 Wn.2d at 683 (emphasis added). The former is most relevant in this case.

Here, the Court finds, as stated previously, that a jury could conclude that Foremost's acted unreasonably when denying Plaintiff's claim, and Plaintiff suffered harm as a direct result of that denial. *See supra*. Likewise, the Court concludes that a jury could find that Foremost acted unreasonably with respect to IFCA standards. Accordingly, Foremost's Motion for Summary Judgment on the claim that it violated IFCA is denied.

### *Issue Three: Alleged Violation of the Washington Consumer Protection Act ("CPA")*

Finally, Foremost moves for Summary Judgment against Plaintiff's claim that it violated the CPA. Dkt. #21 at 21. In her First Amended Complaint, Plaintiff alleges that "Foremost's conduct, including, but not limited to, its bad faith and its violations of the Washington Administrative Code, constituted violations of the CPA, RCW 19.86 *et seq*." Dkt. #1-3 at ¶ 6.1. In her Response, Plaintiff alleges Foremost unreasonably violated several Washington Administrative Codes ("WAC"), which constituted a violation of the CPA. Dkt. #27 at 14. Specifically, Plaintiff alleges Foremost violated 1) WAC 284-30-330(4) (unreasonably denying coverage by superficially and incompletely conducting its investigation), 2) WAC 284-30-330(1) (misrepresented the policy terms by failing to inform Plaintiff of the coverage change for tenant that existed prior to April 11, 2017), and 3) WAC 284-30-330(7) (compelling Plaintiff to initiate litigation in order to obtain substantially more than was offered). *Id.*

Foremost argues Plaintiff has presented no evidence of any injuries to business or property that are causally linked to any alleged unfair or deceptive act on the part of Foremost, Dkt. #21 at 24, and the damage claims asserted in Plaintiff's declaration, including emotional distress, and attorney's fees do not qualify as injury to property or business. Dkt. #28 at 1. Foremost further

argues Plaintiff has received payment for her claim with interest, and thus she does not allege any recoverable damages under the CPA. Dkt. #21 at 24.

On Reply, Foremost contends "Plaintiff incorrectly argues that establishing a violation of the WAC establishes a CPA claim," Dkt. #28 at 12, and that "an incorrect denial is <u>not</u> an unfair trade practice." Dkt. #28 at 12. (underline in original) (citing *Keller v. Allstate Ins. Co.,* 81 Wn. App. 624, 634, 915 P.2d 1140, 1145 (1996). This Court disagrees with Foremost.

A Consumer Protection Act claim in the insurance context requires (1) an unfair or deceptive practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his or her business or property, and (5) which injury is causally linked to the unfair or deceptive act. *Kallevig,* 114 Wn.2d at 920–921 (citing RCW 19.86.090). A single violation of any of the provisions under 284–30–330 constitutes a per se unfair or deceptive practice for purposes of a CPA violation. *Anderson v. State Farm Mut. Ins. Co.,* 101 Wn. App. 323, 331–32, 2 P.3d 1029, 1034 (2000) (citing *Kallevig,* 114 Wn.2d at 924). CPA claims alleging unfair insurance claims practices meet the public interest element. *Anderson,* 101 Wn. App. at 330.

With respect to the fourth and fifth elements of a CPA claim, Foremost contends that Plaintiff has not established injury to business or property that is causally linked to its alleged unfair or deceptive act. Dkt. #21 at 24. Washington State law requires a private CPA plaintiff to establish the deceptive act caused injury to business or property. *Panag v. Farmers Ins. Co. of Washington,* 166 Wn.2d 27, 57, 204 P.3d 885, 899 (2009) (citing *Hangman Ridge,* 105 Wn.2d at 794, 719 P.2d 531). Thus, damages for mental distress, embarrassment, and inconvenience are not recoverable under the CPA. *Id.* Foremost correctly states that Plaintiff's alleged attorney's fees incurred in bringing about a CPA action and emotional distress are insufficient to show injury

to property or business. *Id.* at 23. However, the injury requirement is met upon proof the plaintiff's "property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." *Mason v. Mortgage Am., Inc.,* 114 Wn.2d 842, 854, 792 P.2d 142 (1990). Moreover, because the CPA addresses "injuries" rather than "damages," quantifiable monetary loss is not required and unquantifiable damage may suffice. *Panag,* 166 Wn.2d at 58. (collecting cases) (some examples are injury by delay in refund of money and loss of use of property).

In this case, Plaintiff alleges she was harmed by completing the home repairs without the funds that Foremost denied. Dkt. #27 at 17. Specifically, Plaintiff states she did much of the labor herself, she took out construction loans and paid the interest and fees on those loans, she acted as her own contractor which required a substantial amount of additional time and work, and she paid attorney fees which were imposed by a lien when she could not pay subcontractors on time. Dkt. #27 at 17. The Court finds that Plaintiff did allege some injuries that may be compensable under the CPA. The fact that these damages may be minimal is not dispositive. Viewing the facts and the circumstances of this case in the light most favorable to the non-moving party, a reasonable finder of fact could conclude that Foremost violated the CPA. Accordingly, the Court denies Foremost's Motion for Summary Judgment in its entirety.

/ / /

/ / /

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, this Court herby finds and ORDERS that Defendant Foremost's Motion for Summary Judgment (Dkt. #21) is DENIED.

DATED this 23 day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE