UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TABITHA WILLIAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>FOREMOST INSURANCE COMPANY<br>GRAND RAPIDS MICHIGAN, AN<br>INSURANCE COMPANY,<br><br>            Defendant. | Case No. C17-1113 RSM<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR PARTIAL SUMMARY<br>JUDGMENT ON IFCA |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff Tabitha Williams' Motion for Partial Summary Judgment Re Violation of IFCA. Dkt. #34. Defendant Foremost Insurance Company Grand Rapids Michigan ("Foremost") opposes this Motion. Dkt. #35. For the reasons below, the Court DENIES Plaintiff's Motion.

## II.     BACKGROUND

The Court has previously summarized the facts of this case and incorporates those facts by reference. *See* Dkts. #18 and #33. On April 23, 2018, the Court issued an Order denying Defendants' Motion seeking Summary Judgment against Plaintiff's remaining claims of bad faith, violation of the CPA, and violation of IFCA. Dkt. #33. In that Order, the Court declined to

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON
IFCA - 1

dismiss Plaintiff's bad faith and IFCA claims, ruling that "whether Foremost acted with honesty, reasonably interpreted ambiguous terms in the policy, based its decision on adequate information available at the time, and did not overemphasize its own interests compared to its insured are all questions for the finder of fact." *Id.* at 7–8.

## III.    DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

Plaintiff's Motion first requests that Court rule as a matter of law that "[t]he insurance policy sold to Plaintiff on March 3, 2017 covered vandalism by tenants until the policy was changed on April 11, 2017. (As Foremost has conceded.)" Dkt. #34 at 1. The Court finds that this fact has been admitted by Defendant, or at least not opposed, *see, e.g.,* Dkt. #35 at 8, and a ruling from the Court is unnecessary at this time. This is not an issue for summary judgment.

Plaintiff's remaining requests are for the Court to rule that "Foremost's investigation was unreasonable…," "Foremost unreasonably denied coverage," and that "Foremost violated the Insurance Fair Conduct Act." *Id.*

The Court has previously examined the evidence of IFCA violations in this case and concluded that "whether Foremost acted with honesty, reasonably interpreted ambiguous terms

in the policy, based its decision on adequate information available at the time, and did not overemphasize its own interests compared to its insured are all questions for the finder of fact." Dkt. #33 at 7–8. The Court has examined the evidence presented by Plaintiff in this Motion and finds nothing to change this previous conclusion. The Court notes that whether an insurer acts in bad faith is ordinarily a question of fact for the jury, unless reasonable minds could reach but one conclusion. *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 78 P.3d 1274, 1277 (2003). The Court cannot say as a matter of law that reasonable minds could reach but one conclusion on the question of the reasonableness of Defendant's investigation and coverage decision. Given all of the above, the Court finds that Plaintiff's Motion must be denied.

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, this Court herby finds and ORDERS that Plaintiff's Motion for Partial Summary Judgment Re Violation of IFCA (Dkt. #34) is DENIED.

DATED this 11 day of June 2018.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON IFCA - 3